UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ROBERT Z. WHIPPLE III, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No.: 3:21-CV-208-TAV-DCP |
|  | ) |  |
| NURSE JESSICA, | ) |  |
| EDITH HACKER, | ) |  |
| MICHELLE SPURLOCK, | ) |  |
| SHAWN DAVIS, | ) |  |
| JAMIE MOSLEY, | ) |  |
| DAVID JOLLEY, and | ) |  |
| LAUREL COUNTY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, a federal pretrial detainee confined at the Laurel County Correctional Center in London, Kentucky, has filed a civil rights complaint for violation of 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) [Doc. 8], three emergency motions seeking injunctive relief [Docs. 1, 3, and 5], and a motion for leave to proceed *in forma pauperis* in this action [Doc. 7]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 7] will be **GRANTED**, Plaintiff's claims against Defendant David Jolley will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983, and the remainder of this action will be **TRANSFERRED** to the United States District Court for the Eastern District of Kentucky.

I.   **MOTION TO PROCEED** *IN FORMA PAUPERIS*

Plaintiff has demonstrated that he lacks sufficient financial resources to pay the filing fee in this action. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 7] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. ALLEGATIONS OF COMPLAINT

Plaintiff was transferred to the Laurel County Correctional Center ("LCCC") in Laurel County, Kentucky at the direction of Defendant David Jolley, United States Marshal for the Eastern District of Tennessee, on September 2, 2020 [Doc. 8 p. 1, 3].

Plaintiff suffers from Barrett's syndrome, which he classifies as a "precancerous condition of the esophagus" that mandates cancer screening every one to two years [*Id*. at 3]. Plaintiff's last screening occurred in 2018 despite his repeated complaints to Defendants that he is overdue for cancer screening [*Id*.]. He maintains that he has attempted to file grievances and sick calls on the tablets provided by LCCC for such purposes but asserts that the tablets "are turned off for days at a time as a form of group punishment" [*Id*. at 4]. Plaintiff contends that Defendant Shawn Davis has, on at least two occasions, threated and intimidated Plaintiff regarding his grievances and appeals [*Id*. at 3-4]. In November, Plaintiff was denied medical care for chest pains due to tablet outages, and in March, he was denied medical care for "severe GI symptoms related to Barrett's" [*Id*. at 4-5].

Plaintiff was finally scheduled for a cancer screening to occur on April 29, 2021, but Defendants Jessica, Hacker, and Spurlock cancelled the appointment in retaliation for Plaintiff's complaints regarding the denial of medical care to Defendant Jolley and this Court in Plaintiff's criminal case, *United States v. Whipple*, No. 3:20-CR-31-KAC-HBG [Doc. 8 p. 5]. On May 3, 2021, Defendant Spurlock stated that Laurel County would not pay for dental or eye care to detainees or inmates, and on May 5, 2021, Defendant Jessica refused Plaintiff medical care because Plaintiff could not pay $135.00 for the care [*Id*.].

On May 14, 2021, Plaintiff was again scheduled for a cancer screening [*Id*.]. Defendant Jessica cancelled the appointment in retaliation for Plaintiff's complaints against her [*Id*.]. On May 14, 2021, Plaintiff was denied his stomach medications at Defendant Jessica's direction, again in retaliation for his complaints [*Id*. at 6]. The denial of this medication caused Plaintiff "severe gastric distress, pain, and vomiting" [*Id*.]. Plaintiff contacted the attorney in his criminal case regarding the denial of medication, and Plaintiff's attorney contacted Defendant Jolley, who, in turn, contacted LCCC [*Id*.]. Defendant Jessica put Plaintiff in segregation on May 14, 2021, in retaliation for Plaintiff's complaints to his attorney and Defendant Jolley [*Id*.]. At the time he filed the instant Complaint, Plaintiff remained housed in the segregated cell in "filthy, unhygienic" conditions and is refused cleaning supplies, recreation time, and showers [*Id*.].

Plaintiff contends that Defendant Jolley and the United States Marshals Service "have an unwritten policy or custom of placing detainees in facilities that provide sub-par medical treatment or deny treatment altogether in order to save money. Jolley tacitly condones the denial of medical care at LCCC" [*Id*. at 7]. Plaintiff also asserts that the remaining Defendants operate under a Laurel County custom or policy of downplaying medical complaints; intimidating and retaliating against complaining inmates; refusing to correct the retaliatory conduct of its employees; and denying prisoners adequate sunlight, fresh air, or exercise [*Id*. at 7].

Plaintiff seeks monetary and injunctive relief for the constitutional violations alleged [*Id*. at 9]. All Defendants, apart from David Jolley, are employed by LCCC [*Id*. at 2].

## III. PRISON LITIGATION REFORM ACT ("PLRA") SCREENING

### A. Screening Standards

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); *see also Randolph v. Campbell*, 25 F. App'x 261, 263 (6th Cir. 2001) (holding PLRA screening procedures apply even if plaintiff pays entire filing fee). "[T]he dismissal standard articulated" by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in [Federal Rule of Civil Procedure] 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

5

Courts liberally construe pro se pleadings filed in civil rights cases and "hold [them] to less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Rather, all that is required is "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 544, 570. Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery, however, are not well-pled and do not state a plausible claim. *Id.* Further, "formulaic [and conclusory] recitations of the elements of a . . . claim," which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

### B. Defendant David Jolley

Plaintiff maintains that Defendant David Jolley is liable in this action because (1) he is aware of the repeated cancellations of Plaintiff's cancer screening, and (2) he condones the United States Marshals Service unwritten custom of placing federal detainees in facilities with inadequate medical care [Doc. 8 p. 6-7].

Here, Plaintiff does not allege, and there is no reason for the Court to infer, that Defendant Jolley bears any responsibility for the conditions of confinement or medical treatment Plaintiff experiences day-to-day. Moreover, Plaintiff does not allege that Defendant Jolley has been personally involved in any denial of medical care, retaliation, or unconstitutional condition of confinement so as to state a claim against him. In fact, Plaintiff states that when his criminal attorney contacted Defendant Jolley concerning the denial of medical care to Plaintiff, Defendant Jolley responded by contacting the facility to

6

inquire about Plaintiff's allegations [*Id.* at 6]. Therefore, Plaintiff has failed to state a cognizable constitutional claim against Defendant Jolley. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).

Additionally, Plaintiff does not have a constitutional right to be housed in a certain facility. *Williamson v. Campbell*, 44 F. App'x 693, 695 (6th Cir. 2002) (providing that prisoners have "no constitutional right to be confined in a particular institution"); *see also LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) (noting that, absent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed). The United States Marshals Service has broad discretion as where to place a federal detainee, and courts do not interfere with the exercise of that discretion except in extraordinary circumstances. *See, e.g., United States v. Espinoza-Arevalo*, No. 14-00332-02-CR-W-BP, 2015 WL 9598299, at *3 (W.D. Mo. Dec. 30, 2015) (recognizing that the Marshals Service has "broad authority to determine where to house it prisoners"); *Moyers v. Shudan*, No. 3:07-cv-393, 2009 WL 1813969, at *2 (E.D. Tenn. June 24, 2009) (denying the plaintiff's motion "to order the U.S. Marshals Service to house him in a detention center other than the Blount County Detention Center while plaintiff is in East Tennessee for the trial of this action," and noting that the "housing of federal prisoners pending court proceedings is within the discretion of the U.S. Marshals Service and this Court will not interfere with that discretion, absent extraordinary circumstances").

The Court notes that it has twice ordered Plaintiff's criminal attorney to review Plaintiff's allegations in his criminal case that LCCC has denied him proper medical care and to contact the United States Marshals on issues relating to Plaintiff's condition and care at LCCC [*See United States v. Whipple*, 3:20-CR-31-KAC-HBG, Docs. 111 and 136]. In sum, the Court finds that Defendant Jolley's placement of Plaintiff in LCCC is not an extraordinary circumstance warranting any further judicial intervention, and that Plaintiff's allegations against Defendant Jolley fail to state a claim upon which relief may be granted.

### C. Remaining Defendants

The remaining Defendants — Defendants Jessica, Hacker, Spurlock, Davis, and Mosley — are all employees of LCCC, and all of Plaintiff's claims relate to his treatment while confined therein. The general venue statute for federal district courts provides in relevant part as follows:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b)(1)-(3).  A federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice." 28 U.S.C. § 1406(a).

LCCC is located in Laurel County, Kentucky, which lies within the judicial district for the Eastern Division of Kentucky.  28 U.S.C. § 97(a).  The Court therefore concludes that the proper venue for Plaintiff's claims lies in the Eastern District of Kentucky. Accordingly, the Clerk will be **DIRECTED** to transfer this action to the Eastern District of Kentucky and **CLOSE** this Court's file.

## IV.  CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 7] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Plaintiff has failed to state a claim against Defendant Jolley, and he is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Clerk is **DIRECTED** to transfer this action to the Eastern District of Kentucky and **CLOSE** this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

          s/ Thomas A. Varlan
          UNITED STATES DISTRICT JUDGE